Loring, J.:
This case comes before the court upon a motion to dismiss it for want of jurisdiction. The petition sets forth—
“That the petitioner, George E. Dennis, on or about the second day of September, in the year eighteen hundred and sixty-four, was the sole owner of the schooner William J. Dennis, of Deal’s island,, in the State of Maryland, of about twenty tons 'burden, a maritime vessel duly licensed by the United States to carry on the coasting trade, and was actually engaged navigating the Chesapeake bay within the flux and reflux of the tide.
“ That on or about the second day of September, eighteen hundred and sixty-four, about the hour of two of the clock at night, the said schooner was proceeding on a voyage from Annamessex river, a river making in from the Chesapeake bay, to Baltimore, having on board jive hundred and twenty-six bushels of oats, two hundred bushels of wheat, one hundred and seventy-two bushels of corn, /ninety bushels of peaches, two tons of cast and wrought iron, one hundred and twenty-five grain-bags, and sixty-five peach-packing boxes, all the property of your petitioner.
“ That while proceeding on her said voyage, at the said time, on the said Chesapeake bay, off, or near, the mouth of the Little Choptank river; and off, or near, James’s Point, on said bay, the wind being south-southwest, and the said schooner with the sails drawing-. with a free wind, those on board the said schooner discovered the steamer General 'Meigs, otherwise called the T. L. Cannon, proceeding on a *212 voyage down the Chesapeake bay, to a point unknown to this petitioner; that when so discovered, the said steamer was about four hundred yards from the said schooner, coming with great rapidity down upon her; that there was no means which the said schooner could have adopted to have avoided a collision with the said steamer; the said schooner hugging the eastern shoals of said bay as closely as safety allowed; and that the said steamer took no steps, and those on board took no steps, and those on board made no effort,-to prevent such collision on their part. On account thereof thesaid steamer struck the said schooner on the larboard quarter about the centre of the after berth, between the taffrail and the main shroud, cutting her down to the light-water mark of the said schooner, and so injured her as that she immediately sunk and capsized.
“ That before, and at the time of the said collision, it was very dark, and the said schooner had all the lights and signals required by the act of Congress; hut your petitioner is informed, and verily believes, that no lookout was kept on board of the said steamer on or about the time of the collision, and that the said steamer had not such signals and lights as by law she was required to have; that the said steamer was, at the time of said collision, the property of the United States, was armed as a government vessel, and was then proceeding on government business ; and your petitioner is, therefore, advised that he has no remedy for the recovery of the damages incurred by said collision, except by application to this court.
“ That after said collision occurred, every effort was made to save the said schooner and her cargo; that her cargo was worth, two thousand, Jive hundred dollars, and became nearly a total loss; and the said schooner was brought to the shore and repaired at great expense, to wit, at the expense of two hundred and fifty dollars.”
■It is objected on the part of the United States by the Assistant Solicitor that the case alleged is of a marine tort of which this court has not jurisdiction. We think the objection well taken, and it is ordered that the petition be dismissed.